IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| VERA LEE SELLERS | § | Cause No. 3:12-cv-00615-DRH-SCW |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM USA CORPORATION, AND BOEHRINGER INGELHEIM VETMEDICA, INC., | § § § § § § § § § § | |
|     Defendants. | § | |

## **CONFIDENTIALITY ORDER**

Upon the Stipulation of the Plaintiff Vera Lee Sellers and Boehringer Ingelheim Pharmaceuticals, Inc., and for good cause shown, the Court issues the following Confidentiality Order relating to the parties' proprietary and confidential information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c):

1. Discovery in this case, including any appeal, may involve the production of information containing trade secrets, proprietary commercial or business information, or financial information for which special protection from public disclosure and from use for any purpose other than this proceeding is warranted. Accordingly, the parties hereby stipulate and agree and request that the Court enter this Protective Order (the "Order").

2. This Order shall govern all hard copy and electronic documents, the information contained therein, and all other information produced or disclosed during this case, whether revealed in a document, deposition, other testimony, discovery responses or otherwise, by a party to this proceeding (the "Producing Party") to any other party (the "Receiving Party").

3. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Confidentiality Order.

4. The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Fed.R.Civ.P.26(c).

5. Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence.

6. "Confidential Information," as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. Any transcript of an in camera hearing shall be treated as confidential pursuant to this Order.

7. In designating materials as "Confidential Information," the Producing Party shall do so in good faith, consistent with the provisions of this Order. Nothing contained herein shall be construed to allow global designations of all materials or documents as "Confidential Information."

8. Specific documents and discovery responses produced by a Producing Party may be designated as containing Confidential Information by marking the first page of the documents with the words "Confidential Information – Subject to Confidentiality Order" without obscuring any part of the text. Such a designation shall subject the document and its contents to this Order. In lieu of marking the original of a document, the Producing Party may mark the copies that are produced or exchanged.

9. To the extent that information stored or recorded in the form of electronic or magnetic media is produced in such form, the Producing Party may designate such information as Confidential Information by cover letter generally referring to such information. The Receiving Party shall mark any storage medium containing such Confidential Information with the legend "Confidential – Subject to Protective Order." Whenever any Receiving Party reduces any such information to hard copy form, that Receiving Party shall mark the hard copy form with the "Confidential Information – Subject to Confidentiality Order" designation.

10. Information designated as Confidential Information pursuant to this Order may only be shown and delivered to the following people:

(i) the Receiving Party;

(ii) counsel for the parties, including their clerical, secretarial and other staff employed or retained by such counsel;

(iii) in house counsel for the defendants, including the clerical, secretarial and other staff working in the legal department;

(iv) experts and consultants retained by a party to this proceeding for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of its claims or defenses, provided that the proposed recipient executes the attestation attached as Exhibit A.

(v) Judges, court reporters, court personnel, or videographers present at trial, conferences, hearings, arguments or depositions held in this case;

(vi) plaintiff's treating physicians, nurse practitioners, or other medical professionals who treated plaintiff (and their respective staffs), provided the proposed recipient executes the attestation attached as Exhibit A;

(viii) the Receiving Party may show Confidential Information to any witness during a deposition, hearing or trial if such person or persons execute the attestation attached as Exhibit A or otherwise affirms on the record that he/she has familiarized him/herself with the contents of this Order and agrees to be bound by it. Confidential information shown to any witness during a deposition shall not lose its confidential status through such use, and counsel shall use their best efforts and take all steps reasonably required to protect its confidentiality during such use;

11. Inadvertent or mistaken production of any document or information without a designation of Confidential Information will not be deemed to waive a later claim to its confidential nature or preclude the Producing Party from designating said document or information as Confidential Information at a later date. A Producing Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced, provided that such re-designation shall become effective only after such re-designation. Upon such re-designation, the Receiving Party shall: treat such document or information as re-designated pursuant to the terms of this Order; take reasonable steps to notify any persons known to have possession of such material of such re-designation under this Order; and promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order.

12. Inadvertent or Mistaken Disclosure of Privileged Documents. "Clawback" Procedure: Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent or mistaken

disclosure, notify the other party in writing of the inadvertent or mistaken disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently or mistakenly disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent or mistaken production, move the Court to dispute the claim of privilege.

13. A Receiving Party may challenge a Producing Party's confidentiality designation by notifying the Producing Party, in writing, of its good faith belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) business days of receiving such a challenge, the basis of the designation. If that does not resolve the dispute over the designation, then either party may apply to the Court for a determination as to whether the designation is appropriate. The burden of proof as to a designation of Confidential Information rests on the Producing Party to demonstrate that such designation is proper.

14. At the time of deposition or within 30 days after receipt of the final deposition transcript, a party may designate as Confidential Information specific portions of the transcript which contain confidential matters under the standards set forth above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential until the expiration of this time period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.

15. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential Information, and only those specific portions of briefs,

applications, and other filings that contain verbatim Confidential Information, or that set forth the substance of such Confidential Information.

      16. Within forty-five (45) days after conclusion of this proceeding, including any appeals related thereto, at the written request of the Producing Party, such attorney and any person to whom he/she disclosed Confidential Information shall, at the Receiving Party's option, either (a) destroy or (b) return and surrender all Confidential Information produced pursuant to this Order, to the Producing Party. If returning the materials, such persons shall return any Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto (excluding privileged communications, attorney work product, and documents filed with the Court, but such documents shall remain subject to the terms of this Order). Upon the return of all such Confidential Information the Receiving Party shall certify in writing that reasonable, good faith efforts were made to assure that all such Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations and memoranda related thereto have been delivered to the Producing Party in accordance with the terms of this Order. In lieu of returning the materials described in this paragraph (including copies, summaries, notes, compilations and memoranda related thereto) the Receiving Party may destroy the materials in a manner that will protect the Confidential Information and the destroying party shall certify by affidavit that it has done so.

17. Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court. Notwithstanding any other provision herein, nothing in this Order shall affect or modify the Defendant's (a) ability to utilize and review Plaintiff's information and report such information as is required by law to the FDA or other regulatory agencies, or (b) its right to provide information to its insurer(s), as applicable, for purposes of evaluating Plaintiff's claims or as may be required for reporting purposes.

18. It is expressly understood by and between the parties that in producing Confidential Information in this proceeding, the parties shall be relying upon the terms and conditions of this Order.

19. By written agreement of the parties, or upon motion and Order of this Court, the terms of this Order may be modified. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

    **SO ORDERED**

David R. Herndon
2012.07.20
05:46:56 -05'00'

**Chief Judge**                                        **Date:  July 20, 2012**
**United States District Court**